Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| YESH MUSIC, LLC, | Case No.: 2018-cv-69 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| CLEAR, INC., | |
| Defendant. | |

---------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant CLEAR, INC. ("CLEAR") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

1. Defendant created and distributed one advertisement (the "Subject Advertisement"), which synchronizes plaintiff's copyrighted musical composition *Heavy Eyes Ignite (Ambient)*, U.S. Registration No. SR 708-473 (the "Copyrighted Composition") (annexed as **Exhibit 1**), without a license.

2. Defendant was expressly told there was no license on December 15, 2017. Defendant responded on December 19, 2017, acknowledging there was no license, but it elected to continue to infringe which is clearly an intentional infringement of plaintiff's exclusive rights set forth in Section 106 of the Act.

3. Defendant's infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

4. Defendant's abstraction of the Copyrighted Composition, and removal of all identifying information is a violation of the DMCA.

## JURISDICTION

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction. By publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade, CLEAR has additionally conducted business targeted at New York in the ordinary course of trade.

### This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

8. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

9. Defendant synchronized, reproduced, and distributed the Subject Advertisement through websites like YouTube. This is an intentional tort (copyright infringement) committed without the state.

10. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

11. As described above, defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

## VENUE

12. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

13. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

14. Plaintiff's Copyrighted Composition was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c). See **Exhibit 1**.

## PARTIES

15. At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings of the

band *The American Dollar*. The sole members of plaintiff are Richard Cupolo and John Emanuele, who are also the sole composers of the Copyrighted Compositions.

16. Upon information and belief, defendant CLEAR, INC. ("CLEAR") was, and is, a corporation organized under the laws of California, with a principal place of business located at 4530 Barksdale Blvd. Suite C, Bossier City, LA 71112.

## FACTS

17. Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with U.S. Copyright Registration No. SR 708 473 which is for the musical composition and sound recording titled *Heavy Eyes Ignite (Ambient)*.

18. On or about December 15, 2017, plaintiff discovered the Subject Advertisement which was created by defendant, and synchronizes plaintiff's Copyrighted Composition without license or authority. Plaintiff immediately informed defendant by email that there was no license.

19. Defendant responded and acknowledged the infringement, but elected to continue to infringe. **Exhibit 2**.

20. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

21. The Subject Advertisement, was available for viewing to the public at https://www.youtube.com/watch?v=7-266SGKGZc.

22. Plaintiff's Copyrighted Composition runs the entire length of the Subject Advertisement.

23. Upon information and belief, defendant CLEAR had the Subject Advertisement created for itself, synchronizing plaintiff's Copyrighted Composition without a synchronization,

sound recording, or publishing license. Defendant CLEAR caused the Subject Advertisement to be distributed to the public for performance on its YouTube page.

24. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

26. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

27. Defendant, without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video advertisement embodying plaintiff's Copyrighted Composition.

28. Defendant refused to stop distributing the Subject Advertisement after notice.

29. Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

30. Defendant's use of the Copyrighted Composition was not for criticism, comment, news reporting, teaching, scholarship, or research.

31. Defendant's use was not transformative.

32. Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Composition, using the entirety of each song, without a license.

33. Defendant has intentionality infringed plaintiff's rights.

5

34. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

35. As a direct and proximate result of defendant's infringements, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DMCA

36. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

37. Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b)."

38. Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the

6

terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

39. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

40. The defendant violated the DMCA each time it wrongfully distributed the Subject Advertisement.

41. Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Compositions, removing and/or altering their anti-circumvention software.

42. Defendant did the forgoing with the intent to conceal the infringement.

43. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 5, 2018　　　　　　　　　　**GARBARINI FITZGERALD P.C.**
New York, New York

By: /s/ Richard M. Garbarini
Richard M. Garbarini (RG 5496)